**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 27 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL AARON WITKIN,

Plaintiff - Appellant,

v.

M. PITTSLEY,

Defendant - Appellee.

No. 25-7530

D.C. No. 2:22-cv-01211-WBS-CSK

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted May 26, 2026[**]

Before:      S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Former California state prisoner Michael Aaron Witkin appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging an Eighth Amendment claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's summary judgment and its qualified immunity

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

determinations. *Hughes v. Rodriguez*, 31 F.4th 1211, 1218 (9th Cir. 2022). We affirm.

The district court properly granted summary judgment on the basis of qualified immunity because the sixty-day suspension of Witkin's recreation yard privileges, while Witkin was still able to attend educational programming and access a dayroom, did not violate clearly established law. *See Plumhoff v. Rickard*, 572 U.S. 765, 778-79 (2014) ("[A] defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it."); *Norbert v. City & County of San Francisco*, 10 F.4th 918, 929-30 (9th Cir. 2021) (holding that there is no per se requirement to provide outdoor exercise as opposed to other forms of recreation, and there is no established constitutional minimum number of hours per week for recreation).

The district did not abuse its discretion by denying Witkin's motion to amend the judgment because Witkin failed to demonstrate any basis for such relief. *See Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (setting forth standard of review and grounds for relief under Federal Rule of Civil Procedure 59(e)).

**AFFIRMED.**